## EUREKA CEREAL BEVERAGE CO., Inc., v. WYNNE et al.

District Court, D. New Jersey.

Oct. 28, 1931.

Harold Simandl and Sidney Simandl, both of Newark, N. J., for complainant.

Richard Hay Woolsey, of Philadelphia, Pa., for defendants.

FAKE, District Judge.

The complainant in the above-entitled cause has been operating a brewery under a permit authorizing it to manufacture and sell cereal beverages of less than one-half of 1 per cent. of alcoholic strength, and filed its application for a renewal of its permit for the year 1931. The supervisor has refused to grant the permit upon the facts disclosed at a hearing.

The evidence shows that the entire product of the brewery is sold to a partnership doing business under the name of the Kelly Distributing Company, and that this partnership does all of its business in cash, maintaining no bank account. The supervisor holds that this method of doing business lends itself to a violation of the National Prohibition Act (27 USCA), and bases his refusal to grant the permit upon that as a factor. No violation of the act by the complainant has been shown.

There can be no doubt but that the supervisor, in a conscientious effort to license bona fide applicants is at the same time met with the duty and, I may say, the great burden, of preventing wrongdoers and men of evil intent from obtaining such permits. It is not strange, therefore, in the light of the experiences which he and many others are cognizant of, that he should lean in the direction of extreme safety in exercising the great power with which he is vested. The question here is as to whether or not the supervisor has any evidence on which to base his refusal; if he has no such evidence, the permit must be granted as required by law. The fact that the holder of a permit does all of its business through a distributor who pays the brewery in cash, standing alone as it does here, is not evidence of the unfitness of the permittee, nor can the further fact that the distributor does a cash business and keeps no bank account, standing alone, constitute evidence of unfitness in the permittee, since to hold otherwise would be to set the laws of legal tender at naught, and one should not be penalized for doing a cash business.

It appears that one Werther held the position of treasurer of complainant corporation, that he was a mere dummy in that office, and that, much to the embarrassment of complainant, he disappeared. It does not appear that Werther took any part in the management or control of the brewery other than to countersign checks. The supervisor looks upon this incident as evidence of unfitness. I cannot follow this conclusion, in the absence of something which would couple the permittee with connivance at his disappearance. It appears that the permittee through its officers did all in its power to locate Werther, but without success.

The attempt to connect the distributors with one whom the supervisor refers to as a notorious racketeer falls entirely, since there is no evidence in this record upon which to base such a connection.

The action of the supervisor in denying the permit will be reversed upon presentation of an order to that effect.